IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA                :
                                        :
    v.                                  :   Criminal No. DKC 02-0432
                                        :
JONATHAN PIERRE LOVING, JR.              :
                                        :

**MEMORANDUM OPINION AND ORDER**

On April 21, 2003, a judgment was entered against Defendant Jonathan Pierre Loving, Jr., convicting him, upon his guilty plea, of interference with commerce by threats of violence and use of a firearm in connection with a crime of violence. Defendant was sentenced to an aggregate term of imprisonment of 119 months. Included in his judgment was an order requiring him to pay restitution, jointly and severally with his co-defendants, in the amount of $44,816.[1] These payments were to be made in monthly installments of $150 over the course of his five-year term of supervised release.

On October 12, 2004, Defendant moved to correct what he perceived to be an error in the judgment concerning his restitution obligation. Specifically, he asked the court to

---

[1] Three of his co-defendants – James Queatafi Ramont Williams, Darrion Cornelius Kinsey, and Marcus Holland – were each ordered to pay restitution, jointly and severally, in the same amount. Another co-defendant, Ryan Christian Benedicto, was ordered to pay restitution of $50,171, also jointly and severally with the other defendants.

find that he was responsible for only one-fifth of the total restitution amount, *i.e.*, that the restitution obligation was divided equally among the five co-defendants ordered to pay the same amount. The court denied that motion by an order issued October 18, 2004.

On December 5, 2011, the court received a letter from Defendant advising that a total of over $12,000 had been collected from all defendants toward the restitution amount and that he had paid over $9,000 of that amount. (ECF No. 94). Defendant asked the court to suspend his monthly payment requirement of $150 while his co-defendants continued to pay towards the restitution obligation. Defendant's probation officer has since advised the court that, while incarcerated, Defendant made payments of $8,943.20 from his accounts, and four of his codefendants paid $3,057.25 combined. Moreover, since his release, he has continued to pay $150 per month, and he has paid a total amount of $9,393.20, while the codefendants have collectively paid $3,057.25.

The government has not yet responded to Defendant's request. "A sentencing court retains authority to clarify or modify conditions of supervised release, including a condition requiring payment of restitution." *See United States v. Mandel*, 179 Fed.Appx. 965, 966 (7th Cir. 2006) (citing 18 U.S.C. § 3583(e)(2); *United States v. Lilly*, 206 F.3d 756, 761-62 (7th

2

Cir. 2000)). The court will temporarily suspend Defendant's restitution obligation pending final resolution of this issue.

Accordingly, it is this 13th day of January, 2012, by the United States District Court for the District of Maryland, ORDERED that:

1. The government may respond to Defendant's request for modification of restitution;

2. Mr. Loving's supervised release requirement of $150 per month toward restitution BE, and the same hereby IS, SUSPENDED pending resolution of his request; and

3. The clerk will transmit a copy of this order directly to Defendant, Sheila Jauma, his probation officer, and counsel for the government.

                                          /s/
                                 DEBORAH K. CHASANOW
                                 United States District Judge